UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.

CARLA COLBERT, on behalf of herself
and those similarly situated,

    Plaintiff,

v.

Hanley Center Foundation, Inc., a Florida
Not for Profit Corporation

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff Carla Colbert ("Plaintiff" or "Colbert") on her behalf and all others similarly situated, files this Collective Action Complaint against Defendant, Hanley Center Foundation, Inc., ("Hanley" or "Defendant") a Florida Not for Profit Corporation seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") on behalf of Plaintiff and all current and former non-exempt salary paid Prevention Specialist employees (hereinafter, "PS") (and other employees holding comparable positions, but different titles) who worked for Defendant in-office or remote throughout Florida, as follows:

Plaintiff seeks to conditionally certify the following class of current and former employees who worked for Defendant as follows:

> **All current and former salary-paid Prevention Specialists, Prevention Coordinators, Prevention (and other employees holding comparable positions but different titles) who worked for Defendant throughout Florida anytime in the past three (3) years who worked forty (40) or more hours in one or more workweeks, who were not paid proper overtime compensation for hours worked over forty (40) per workweek under the FLSA by Defendants.**

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to pursuant to 29 U.S.C. §216(b).

2. Defendants are subject to personal jurisdiction in the Southern District of Florida.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391 because Plaintiff was employed by Defendants who are located in this District and a substantial part of the events or omissions giving rise to the claim occurred within this District.

4. Defendants are covered employers within the meaning of the FLSA.

## THE PARTIES

5. At all times material hereto, Plaintiff resided in or around Duval County, Florida.

6. During all relevant times, Defendant employed Plaintiff as a Prevention Specialist ("PS") from October 2, 2022, through March 12, 2024, in a hybrid position for Defendant.

7. Plaintiff's written consent to join this action is attached as Exhibit A.

8. Defendant, HANLEY is a Florida Not for Profit Corporation with its principal place of business at 933 45th Street, West Palm Beach, Florida 33407.

9. Defendant HANLEY holds itself out to the public via its website: "At Hanley Foundation, we are dedicated to changing the face of addiction through prevention, advocacy, treatment, and recovery support. We believe that we can help break the cycle of addiction before it begins by providing extensive prevention education throughout our communities. We also believe in the power of healing, which is why we provide treatment and recovery resources for those affected by addiction. We are the largest provider of prevention services in Florida. For over three decades, we've worked throughout Florida to provide substance use prevention and education programs that positively impact parents, caregivers, and students. Through our extensive

2

and important work, we have grown to become the largest provider of prevention services in the state. Our prevention and education teams function as the front line to the addiction battle in schools across 34 Florida counties, including many in Palm Beach County, where our educational services extend to some 120,000 Florida students. Hanley Foundation is proud to create and implement strategies designed to support today's youth and generations to come by building better communities and breaking the cycle of addiction[1]."

10. Defendants, upon information and belief, employed upwards of 100 or more employees or more at any given time.

11. Within the relevant period, Defendant is a registered Florida corporation doing business in West Palm Beach, Florida, and throughout the State of Florida where Plaintiff worked for Defendants.

12. Defendants operate in interstate commerce by providing prevention services to customers across the State of Florida.

13. Defendant's gross annual revenue for each year in which the named Plaintiff, and the putative class members worked, either individually, or jointly, exceeded $500,000.00.

14. At all relevant times, Defendant is, and was an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §203(d).

15. Defendant is an employer as defined by the FLSA, in that Defendant, during all times relevant and in each year during the relevant statute of limitations, had employees regularly engaged in interstate and intrastate commerce, and likewise engaged in business transactions

---

[1] *See* **https://hanleyfoundation.org/about-us/** (last viewed December 19, 2024).

across state lines and with products and goods created outside Florida, and imported in for local use.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute her FLSA claim as a collective action on behalf of all current and former "PS" and other similarly situated current and former employees holding comparable positions but different titles, who are or were employed by Defendants (at any time from December 2021 to the entry of judgment in this case.

17. Defendant is liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff and the Putative FLSA Collective members.

18. There are many similarly situated current and former PS employees (and other employees holding comparable positions, but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

19. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because, under 29 U.S.C. § 216(b), the call center employee described is "similarly situated" to Plaintiff. The class of employees on behalf of whom Plaintiff bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's practices, policy, or plan of not paying their employees for compensable work performed in excess of forty (40) hours per workweek at an overtime premium pay (c) their claims are based upon the same legal theories; and (d) the employment relationship between

Defendants and every putative FLSA Collective member is exactly the same, and differs only by name, location, and rate of pay.

20. Plaintiff estimates that the FLSA Collective, including both current and former employees over the relevant period, will include between 75 and 100 members who would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. The precise number of collective class members should be readily available from a review of Defendants' personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

21. Plaintiff and the Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek, were employed as PS or similar by Defendants.

22. Further, Plaintiff and those similarly situated worked more than forty (40) hours per workweek without receiving the proper overtime pay for all their overtime hours worked.

23. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit the Plaintiff and the Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

24. Defendant assigned the work that the Plaintiff and the Putative FLSA Collective members have performed, or Defendant was and is aware of the work they performed.

25. The work performed by the Plaintiff and the Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

26. Defendants were aware, or should have been aware, that the FLSA requires it to pay the Plaintiff and the Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

27. Defendant has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to the Plaintiff and the Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time the Plaintiff and the Putative FLSA Collective members have worked for the benefit of Defendants;

    b. willfully failing to keep accurate time records as required by the FLSA;

    c. willfully failing to credit the Plaintiff and the Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

    d. willfully failing to pay the Plaintiff and the Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of forty (40) hours per workweek.

## PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

28. Consistent with policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages.

29. All Putative FLSA Collective members performed the same primary job duties.

30. The primary duties that Plaintiff and the other PS' regularly performed include, but not limited to:

    a. Customer service;

    b. operations duties;

    c. scheduling services;

    d. answering phones; and

    e. clerical and data entry duties.

31. Plaintiff and the other similarly situated current and former PS primary job duties <u>*did not include*</u>:

    a. Hiring

    b. Firing

    c. Setting rate(s) of pay;

    d. Disciplining other employees.

32. Plaintiff and the other PS did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

33. Plaintiff and the other PS' primary duties were customer service related. Customer service and sales occupied the majority of the Plaintiff and the other MSNs' working hours.

34. Plaintiff and the other PS were working ten (10) or more hours per day, six (6) to (7) hours per week.

35. Plaintiff was hired as a salary-exempt PS and paid a salary in the range of $41,000-$42,000.00, which comes out to an hourly rate of $11.26-$11.53 per hour[2].

36. The FLSA subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records. 29 C.F.R. § 516.1.

---

[2] $41,000/52 weeks=$865.38/70(hours worked per week)=$11.26 per hour. *See* estimated Statement of Claim attached as Exhibit B.

37. An employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and the total hours worked by each employee each workweek. See id. § 516.2.

38. Upon information and belief, Defendant failed to establish, maintain and preserve accurate timesheet and payroll records as required by the FLSA.

39. When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate an employee has carried out his burden if he proves that he has in fact performed worked for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *Id.*

40. The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the Act." *Id.*

41. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all PS as exempt from coverage of the overtime provisions of the FLSA and applicable state laws, no matter how they were paid, either salary or hourly.

42. Defendants did not perform a person-by-person analysis of every PS job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of any applicable state laws.

43. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

44. Defendants' unlawful conduct has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION

**Fair Labor Standards Act: Unpaid Overtime Wages Brought on Behalf of Plaintiff and the Putative FLSA Collective Members**

45. Plaintiff and the Putative FLSA Collective members, reallege and incorporate by reference all prior paragraphs as if they were set forth again herein.

46. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

47. Plaintiff and the Putative FLSA Collective members have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

48. The overtime wage provisions set forth in 29 U.S.C. §§ 201 *et seq*. apply to Defendants.

49. At all relevant times, Plaintiff and the Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

50. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. At all times relevant, Plaintiff and the Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

52. Defendant has failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

53. Defendants' violations of the FLSA, as described in the Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the other similarily situated Putative FLSA Collective Members.

54. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as may be tolled by equity or agreement of the parties.

55. As a result, Defendants violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et. seq.*

56. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages damages, prejudgment interest, attorneys' fees, costs, and other compensation in amounts to be determined at trial, and are entitled to recover such amounts, liquidated U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. At the earliest possible time, Plaintiff be allowed to give notice of this collective action, or the Court issue such notice, informing all similarly situated PS of the nature of this action

and of their right to join this lawsuit;

      B.   Certification of the collective consisting of Plaintiff and all similarly situated PS;

      C.   Designation of Plaintiff as representative of the Putative FLSA Collective, and counsel of record as Class Counsel;

      D.   Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 et seq. and the supporting United States Department of Labor regulations and the employers share of FICA, FUTA, state unemployment insurance and any other employment taxes;

      E.   Pre-judgment interest and post-judgment interest, as provided by law;

      F.   Attorneys' fees and costs of this action;

      G.   Payment of a service award to Plaintiff, in recognition of the services she has rendered, and will continue to render, to the Collective; and

      H.   Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated this 19th day of December 2024

      Respectfully submitted,

***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No.: 85476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th Street, Suite 316
Plantation, FL  33324
Telephone No.: (866) 344-9243
Facsimile No.: (954) 337-2771
Email:
**noah@floridaovertimelawyer.com**

*Trial Attorneys for Plaintiff*

11