**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:24-cv-81569-WM**

CARLA COLBERT, on behalf of herself and
those similarly situated,

        Plaintiff,

vs.

HANLEY CENTER FOUNDATION, a Florida
not for profit corporation,

        Defendant.

_____/

**RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**
**WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, CARLA COLBERT, and Defendant, HANLEY CENTER FOUNDATION (together, the "Parties"), by and through their undersigned counsel, renew their motion for the entry of an order approving the Fair Labor Standards Act Settlement Agreement and Release, which is attached as Exhibit "A" (the "FLSA Settlement Agreement"), and for the entry of an order dismissing this case with prejudice.[1]  In support thereof, the Parties state as follows:

1.      Plaintiff initiated this action in the United States District Court in and for the Southern District of Florida on or about December 19, 2024, by filing a Complaint against Defendant for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") (Count I).

---

[1] The Parties renew their Joint Motion for Approval of Settlement and Dismissal with Prejudice in accordance with the Court's Order denying without prejudice the previous Joint Motion. [D.E. 44].

2.      In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, the Parties entered into settlement discussions and have resolved the action in its entirety; however, the settlement of the overtime claim under the FLSA requires approval of the Court. *Bernabe v. Reiter Bunsic Contractors, Inc.*, No. 15-80008-CIV, 2015 WL 12711586, *1 (S.D. Fla. Feb. 3, 2015); *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458 (M.D. Fla. 2020); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009); *Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350, 1353 (11th Cir. 1982).  Throughout the entirety of the litigation and the resolution process, both Parties were represented by competent counsel with experience in this area of law.

3.      The Parties have agreed to a settlement amount for the FLSA claim.  Plaintiff has agreed to the settlement amount because the cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and would without doubt exceed Plaintiff's potential damages.

4.      The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

5.      The FLSA Settlement Agreement is attached hereto as Exhibit "A" and includes every term and condition of the Parties' settlement of Plaintiff's FLSA claim.  The Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration for the agreement satisfies Plaintiff's indebtedness for attorneys' fees and costs.  Pursuant to *Dees v Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010), the attached FLSA Settlement Agreement does not contain a confidentiality provision or general release. *See, e.g., Vega v. Ya Guan USA LLC,*

No. 19-24902-CIV, 2021 WL 8946186 (S.D. Fla. Aug. 24, 2021) (collecting cases regarding

general releases in FLSA settlement agreements being disfavored).

## MEMORANDUM OF LAW

### A.      The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release

FLSA wage claims against an employer if the parties present the trial court a proposed

settlement and the trial court enters an order approving the fairness of the settlement.  *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Before approving

an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable

resolution of a bona fide dispute." *Lynn's Food*, 679 F.2d at 1354-55.  If the settlement reflects

a reasonable compromise over issues that are actually in dispute, the Court may approve the

settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's*

*Food*, 679 F.2d at 1354.

### B.      All Relevant Factors Support Approving the Proposed Settlement

In determining whether the settlement is fair and reasonable, the Court considers the

following factors:

1.      The existence of fraud or collusion behind the settlement;

2.      The complexity, expense, and likely duration of the litigation;

3.      The stage of the proceedings and the amount of discovery completed;

4.      The probability of plaintiff's success on the merits;

5.      The range of possible recovery; and

6.      The opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Robinson v. Anytime Rentals, Inc.*, 2016 WL 1728745, *2 (M.D. Fla. Apr. 13, 2016), *report*

*and recommendation adopted,* 2016 WL 1704193 (M.D. Fla. Apr. 27, 2016); *Barnes v. Lane Valente Indus., Inc.,* 2016 WL 6122464, \*1 (M.D. Fla. Oct. 13, 2016), *report and recommendation adopted,* 2016 WL 6083777 (M.D. Fla. Oct. 18, 2016).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. *See Villa v. Turcios Group Corp*, No. 21-CV-23709, 2022 WL 2713741, \*3 (S.D. Fla. July 12, 2022) (citing *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at \* 2 (M.D. Fla. Mar. 18, 2022)).  All such factors support approving settlement in this case.

### 1.     There Is No Fraud in this Case

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seems fair. *See Johnson v. Gonzo Mktg. Services, LLC*, No. 21-60775-CIV, 2021 WL 8363200, \*2 (S.D. Fla. Oct. 20, 2021) (citing *Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006)). Here, each party is independently represented by counsel.  Plaintiff is represented by Attorney Noah Storch of Richard Celler Legal, P.A., and Defendant is represented by Paul Scheck of Shutts & Bowen, LLP.  All counsel involved have extensive experience in litigating FLSA claims.

### 2.     The Complexity, Expense, and Length of Litigation Support Early Resolution

The complexity, expense, and length of litigation heavily weigh in favor of settlement in this case.  The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed Plaintiff's alleged damages in this action.  *Meenan v. McDaniel Group Enterprises Inc.*, No. 0:24-CV-60848, 2024 WL 4110523, \*1 (S.D. Fla. Aug. 20, 2024), *report and recommendation adopted*, No. 0:24-CV-60848, 2024 WL 4104197 (S.D. Fla. Sept. 6, 2024).

### 3. The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions

There has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents. The information exchanged included, without limitation, information regarding Plaintiff's time records, work hours, and compensation.

### 4. Probability of Success on the Merits Is in Dispute

The Parties vigorously dispute the merits of Plaintiff's claims – making protracted litigation inevitable if the proposed settlement is not approved. In particular, Plaintiff has contended that she was misclassified as an exempt employee under the FLSA and was not fully compensated for overtime work. Defendant disputes that Plaintiff was misclassified and further asserts that the time records and compensation records establish that she was fully compensated. Based on the foregoing, Plaintiff's probability of success on the merits and the uncertainty that she would be awarded any amount or what such amount would be further supports the proposed compromise and shows that this settlement is fair and appropriate. *Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598, *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

### 5. The Range of Possible Recovery Supports Approving Settlement

The proposed settlement includes a payment of $9,500.00 for alleged overtime pay and a payment of $9,500.00 for liquidated damages. The Parties have separately negotiated and agreed to settle Plaintiff's attorney's fees and costs in the amount of $16,000.00, and without regard to the amount to be paid to Plaintiff. As set forth above, it is Defendant's position that this is a fair compromise because the records show that Plaintiff was compensated properly even if she was

5

improperly classified.

      **6.    Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution**

Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of Plaintiff's claim. *Yost*, 2012 WL at 1165598, *3.

      **C.    The Proposed Attorney's Fees Are Fair**

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *Moreira v. Fast 6 of Am. Nationwide Services Inc.*, No. 22-CV-21578, 2022 WL 17583732, *1 (S.D. Fla. Sept. 28, 2022), *report and recommendation adopted*, No. 22-21578-CIV, 2022 WL 17583734 (S.D. Fla. Oct. 12, 2022) (citing *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009)); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In this case, the attorney's fees to be paid as part of the resolution of Plaintiff's claims were agreed upon by the Parties separately and without regard to the amount paid to Plaintiff. Accordingly, because the settlement is reasonable on its face and Plaintiff's recovery was not adversely affected by the amount of the fees paid to her attorney, the Court should approve the settlement.

**D.     There Is No Confidentiality Provision in the Proposed Settlement**

The FLSA Settlement Agreement does not include a confidentiality provision. *Phipps v. W.W. Contractors, Inc.*, 2015 WL 5897705, \*4 (M.D. Fla. Oct. 7, 2015); *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461 (M.D. Fla. 2020).

There are no "side deals" relating to Plaintiff's claim for overtime compensation pursuant to the FLSA. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1239-40 (M.D. Fla. 2010); *Moravec v. Metro. Tile & Marble, Inc.*, 2020 WL 1083714, \*1 (M.D. Fla. Mar. 3, 2020), *report and recommendation adopted,* 2020 WL 1128442 (M.D. Fla. Mar. 6, 2020); *Nance v. Sally Beauty Supply LLC*, 2019 WL 4863128, \*1 (M.D. Fla. Sept. 17, 2019), *report and recommendation adopted,* No. 218CV474FTM38NPM, 2019 WL 4861195 (M.D. Fla. Oct. 2, 2019).

## II.     CONCLUSION

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed FLSA Settlement Agreement and dismiss the claim with prejudice.

Dated this 6th day of February, 2026.

Respectfully submitted,                                    Respectfully submitted,

*/s/ Noah E. Storch*                                         */s/ Paul J. Scheck*
Noah E. Storch, Esq.                                      PAUL J. SCHECK, ESQ.
Florida Bar No.: 0085476                              Florida Bar No. 028487
RICHARD CELLER LEGAL, P.A.                Primary email:  pscheck@shutts.com
7951 SW 6th Street, Suite 316                     ALEXANDER S. CUMMING, ESQ.
Plantation, Florida 33324                              Florida Bar No. 1033005
Telephone: (866) 344-9243                          Primary email:  acumming@shutts.com
Facsimile: (954) 337-2771                            SHUTTS & BOWEN LLP
E-mail: noah@floridaovertimelawyer.com     300 S. Orange Avenue, Suite 1600
*Counsel for Plaintiff*                                    Orlando, Florida  32801-5403
                                                                   Telephone:  (407) 423-3200
                                                                   Facsimile:   (407) 425-8316
                                                                   *Attorneys for Defendant*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>6th</u> day of February, 2026, I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

/s/ Paul J. Scheck

Paul J. Scheck

ORLDOCS 23696867 1

8